### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff.<br><br>v.<br><br>EARNEST W. WASHINGTON,<br><br>    Defendant. | No. 99CR10009-001<br>Hon. Joe B. McDade<br>United States District Judge,<br>Presiding |

**AMENDED MOTION TO REDUCE SENTENCE TO "TIME SERVED" AND REQUEST FOR EXPEDITED CONSIDERATION**

NOW COMES the Defendant, EARNEST W. WASHINGTON, by his court-appointed undersigned attorneys, Richard H. Parsons, Federal Public Defender for the Central District of Illinois and Karl W. Bryning, Assistant Federal Public Defender, moving this Honorable Court pursuant to 18 U.S.C. § 3582(c)(2) for an order reducing the defendant's term of imprisonment, and in support thereof states the following:

    1.    The Defendant plead guilty to one count of distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

    2.    The drug offense carried a 10-year statutory mandatory minimum penalty.

    3.    The gun offense carried a 10-year maximum penalty.

    4.    At sentencing, the defendant was held accountable for 350.9 grams of crack cocaine and 49.2 grams of marijuana. Using the drug equivalency table in the Guidelines in effect at the time, these amounts equated to 7022.5 kilograms of marijuana. This amount resulted in a

Base Offense Level of 34. (between 3,000 and 10,000 kilograms of marijuana).

5. Withe a 2-level upward adjustment based upon gun possession, and a 3-level downward adjustment for acceptance of responsibility, the Defendant's Total Offense Level was 33.

6. The drug guideline was controlling and accounted for the gun related conduct.

7. At sentencing, this Court found the Defendant's Criminal History Category to be VI, resulting in a guideline range of 235-293 months.

8. This Court imposed a sentence of 188 months on the drug charge, which was approximately 36% lower than the top of the original guideline range, and a 120 month concurrent sentence on the gun charge. Thereafter, pursuant to a Rule 35(b) motion, the court reduced the sentence on the drug charge to 141 months, a 25% departure off the original 188 month sentence. The court reimposed the 120-month concurrent sentence on the gun charge.

9. Under Amendment #706 to the United States Sentencing Guidelines as made retroactive by Amendment #711, the Defendant's Base Offense Level is now determined as follows: First, the Base Offense Level is determined for only the crack cocaine involved in the offense. Specifically, for 350.9 grams of crack cocaine, the Base Offense Level is 32. Using the amended drug equivalency table for crack cocaine found at Note 10(D)(II) to U.S.S.G. § 2D1.1, at Base Offense Level 32, one gram of crack cocaine is equivalent to 6.7 kg of marijuana. Thus, the crack cocaine is equivalent to 2,351.03 kg of marijuana. The marijuana remains the same at 459.5 grams. Adding all the marijuana equivalency amounts together yields 2,351.48 kg of marijuana, for a Base Offense Level of 32 (between 1,000 to 3,000 kg of marijuana). With a Base Offense Level is Level is 32, and with the same adjustments made at his original sentencing hearing, his Total Offense Level is 31, his criminal history category remains at VI, and his new

guideline range is 188-235 months.  Applying the same 36% departure from the top of the new guideline range results in a 150 month sentence.  Applying the same 25% departure off the 150 months to account for the Rule 35 results in a 112 month sentence.  However, because of the 120-month mandatory minimum, the lowest sentence this Court can impose is **120 months.**

10.     The Defendant's current release date as estimated by the BOP is June 26, 2009.  With a sentence of 120 months, the Defendant would have been eligible for release on **December 30, 2007.  Therefore, the Defendant is eligible for immediate release**.  The Bureau of Prisons has requested that in cases where a sentence of "time served" is imposed, the following language be included: "This Order is subject to the prohibition contained within USSG § 1B1.10(b)(2)(C)."  Additionally, the BOP has requested that any orders for "time served" be stayed for 10 days from the date of entry to allow for the formulation of a release plan.

11.     Undersigned counsel is aware of no institutional adjustment or public safety factors which would warrant denial of this motion.

12.     The United States Probation Office have no objection to this motion.

13.     The position of the U.S. Attorney's Office is that it does not object to the defendant's amended motion, but requests that the Court's order be in accordance with BOP's requirements for release as indicated above.

WHEREFORE, the Defendant, EARNEST W. WASHINGTON, respectfully requests that this Honorable Court GRANT the Defendant's motion to reduce sentence and enter an Amended Judgment and Conviction sentencing the defendant to **"time served**."

                                                      EARNEST W. WASHINGTON, Defendant

                                                      RICHARD H. PARSONS
Federal Public Defender

          BY: s/ Karl W. Bryning
             _____
             KARL W. BRYNING
             Attorney for Defendant
             Assistant Federal Public Defender
             401 Main Street, Suite 1500
             Peoria, Illinois 61602
             Phone: 309/671-7891
             Fax: (309) 671-7898
             E-mail: karl_bryning@fd.org

## CERTIFICATE OF SERVICE

  I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney K. Tate Chambers.

             s/ Karl W. Bryning
             _____
             KARL W. BRYNING
             Attorney for Defendant
             Assistant Federal Public Defender
             401 Main Street, Suite 1500
             Peoria, Illinois 61602
             Phone: 309/671-7891
             Fax: (309) 671-7898
             E-mail: karl_bryning@fd.org